UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SILLS CUMMIS & GROSS P.C.,

                      Plaintiff,

   -against-

BETTY DUSANGE-HAYER, ISHAN HOLDINGS AND
DEVELOPMENT CORPORATION and ERWIN SINGH
BRAICH,

                      Defendants.
------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff, Sills Cummis & Gross P.C. ("Plaintiff"), as and for its Complaint against Betty Dusange-Hayer ("Hayer"), Ishan Holdings and Development Corporation ("Ishan"), and Erwin Singh Braich ("Braich") (hereinafter referred to collectively as the "Defendants" or, individually where appropriate), alleges and sets forth as follows:

## PARTIES

1. Plaintiff is a professional corporation, namely a law firm, with a principal place of business at 101 Park Avenue, 28th Floor, New York, New York 10178.

2. Defendant Hayer is a Canadian citizen with a work residency in Surrey, British Columbia V3R 8X89, Canada at 301-10090 152nd Street.

3. Defendant Ishan has its principal place of business in Surrey, British Columbia, Canada at 301-10090 152nd Street.

4. Defendant Braich is a Canadian citizen resident in Abbotsford, British Columbia V2V 2C3, Canada at 33474 Kingsley Terrace.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332. There is complete diversity among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL CAUSES OF ACTION

7. In or around January 2017, Paul M. Kaplan, Esq., joined Plaintiff as a Member of the Litigation Department.

8. Prior to his employment with Plaintiff, Mr. Kaplan was employed with Locke Lord LLP ("Locke Lord") and represented Defendants and The Braich Group of Companies and Trusts.

9. At the time Mr. Kaplan joined Plaintiff, Defendants consented to Mr. Kaplan continuing to represent their interests, and agreed to retain Plaintiff as their counsel.

10. On or about February 1, 2017, Braich executed a request to transfer Defendants' files from Locke Lord to Plaintiff.

11. On or about February 1, 2017, Plaintiff sent its engagement agreement ("Engagement Agreement") to Braich and The Braich Group of Companies and Trusts, and requested that Braich execute same.

12. Braich responded to the Engagement Agreement by representing that although he would pay the invoices for services rendered, he preferred that the Engagement Agreement be between and among Plaintiff, Hayer and Ishan.

13. In reliance on Braich's statement that he would pay the invoices, Plaintiff resent its Engagement Agreement to Hayer and Ishan.

14. On February 1, 2017, Hayer and Ishan signed the Engagement Agreement with Plaintiff.

15. Throughout Plaintiff's representation of Defendants, Braich guaranteed the payment of all legal fees and disbursements associated with Plaintiff's representation of Defendants.

16. Throughout Plaintiff's representation of Defendants, Braich promised to pay Plaintiff's invoices.

17. Between January 2017 and continuing through on or about October 31, 2017, Plaintiff, at Defendants' special insistence and request, rendered legal services to Defendants at an agreed price and reasonable value, the unpaid balance of which totals $370,355.87.

18. Braich promised to pay the unpaid balance on multiple occasions, but each time failed to make payment.

19. On or about June 6, 2019, Plaintiff complied with 22 N.Y.C.R.R. Part 137 and provided notice (the "Notice") to Defendants of their right to arbitrate this dispute.

20. Defendants did not respond to the Notice, and did not file a timely request for arbitration.

21. As a result, Plaintiff files this action to recover the unpaid attorneys' fees and expenses from Defendants, jointly and severally.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract Against Hayer and Ishan)**

22. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "21" as though more fully set forth herein.

23. Hayer and Ishan acknowledged and agreed to the terms of the Engagement Agreement.

24. Plaintiff complied with the terms of the Engagement Agreement and performed its obligations thereunder.

25. Pursuant to the terms of the Engagement Agreement, Plaintiff rendered bills to Hayer and Ishan for its legal services, out-of-pocket disbursements and certain other expenses in the sum of $370,355.87.

26. Pursuant to the terms of the Engagement Agreement, payment of Plaintiff's bills was due upon receipt.

27. Hayer and Ishan breached the Engagement Agreement by, among other things, failing to pay Plaintiff's bills upon receipt.

28. No part of Plaintiff's bills has been paid, despite due demand therefor.

29. By reason of the foregoing, Hayer and Ishan, jointly and severally, are indebted to Plaintiff in the sum of $370,355.87.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

30. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "29" as though more fully set forth herein.

31. Plaintiff duly sent its statements to Defendants, which statements were retained by Defendants without objection.

32. As a result thereof, an account has been stated between Plaintiff and Defendants, the latter jointly and severally, in the sum of $370,355.87.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Quantum Meruit)

33. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "32" as though more fully set forth herein.

34. Plaintiff rendered its legal services to Defendants in good faith, and Defendants accepted the benefit of said services.

35. The parties understood and agreed that Plaintiff was to be paid for the services rendered.

36. The reasonable value of the services rendered to Plaintiff totaled the sum of $370,355.87, no part of which has been paid.

37. By reason of the foregoing, Defendants, jointly and severally, are indebted to Plaintiff in the sum of $370,355.87.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

38. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "37" as though more fully set forth herein.

39. Plaintiff rendered legal services to Defendants.

40. Defendants obtained the benefits of those services without compensating Plaintiff.

41. It would be inequitable and unjust to allow Defendants to reap the benefits of its wrongful action.

42. By reason of the foregoing, Plaintiff is entitled to relief from Defendants, jointly and severally, for this unjust enrichment in the sum of $370,355.87.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Promissory Estoppel Against Braich)

43. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "42" as though more fully set forth herein.

44. Braich promised that he would pay Plaintiff's invoices for services rendered.

45. Plaintiff reasonably relied on Braich's promise.

46. In reliance on Braich's promise, Plaintiff entered into an Engagement Agreement with Hayer and Ishan, and rendered services on Defendants' behalf.

47. Plaintiff relied on Braich's promise to its detriment, since Braich has failed to pay the outstanding invoices.

48. Plaintiff has been injured as a result of its reliance on Braich's promise.

49. By reason of the foregoing, Plaintiff has been damaged by Braich, and continues to be damaged, in an amount to be determined at trial, but not less than $370,355.87.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Fraudulent Inducement Against Braich)

50. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "49" as though more fully set forth herein.

51. Braich falsely represented that he would pay Plaintiff's invoices for services rendered to Defendants.

52. Braich knew, or should have known, that Plaintiff would rely on his representation and, as a result thereof, enter into the Engagement Agreement with Hayer and Ishan.

53. Plaintiff reasonably relied upon Braich's misrepresentation.

54. Plaintiff was harmed as a result of Braich's fraudulent representation in an amount to be determined at trial, but not less than $370,355.87.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Guaranty Against Braich)

55. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "54" as though more fully set forth herein.

56. Braich guaranteed the payment of all legal fees and disbursements associated with Plaintiff's representation of Defendants.

57. Braich failed to pay the legal fees and disbursements associated with Plaintiff's representation of Defendants.

58. As a result thereof, Braich is indebted to Plaintiff in the sum of $370,355.87.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Attorneys' Fees)

59. Plaintiff reasserts and realleges each and every allegation in paragraphs "1" through "58" as though more fully set forth herein.

60. Pursuant to the Engagement Agreement, Plaintiff is entitled to recover its costs and expenses, including legal fees and expenses, in connection with the collections of amounts owed.

61. By reason of the foregoing, Plaintiff is entitled to recover from Defendants, jointly and severally, its costs and expenses incurred in this action, including its reasonable attorneys' fees and disbursements, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. On the First Cause of Action against Defendants, jointly and severally, in the sum of $370,355.87, plus all accrued pre-judgment interest;

B. On the Second Cause of Action against Defendants, jointly and severally, in the sum of $370,355.87, plus all accrued pre-judgment interest;

C. On the Third Cause of Action against Defendants, jointly and severally, in the sum of $370,355.87, plus all accrued pre-judgment interest;

D. On the Fourth Cause of Action against Defendants, jointly and severally, in the sum of $370,355.87, plus all accrued pre-judgment interest;

E. On the Fifth Cause of Action against Braich in an amount to be determined at trial, but not less than $370,355.87, plus all accrued pre-judgment interest;

F. On the Sixth Cause of Action against Braich in an amount to be determined at trial, but not less than $370,355.87, plus all accrued pre-judgment interest, and punitive damages;

G. On the Seventh Cause of Action against Braich in the sum of $370,355.87, plus all accrued pre-judgment interest;

  H. On the Eighth Cause of Action against Defendants, jointly and severally, in an amount to be determined at trial; and

  I. For all such other and further relief as this Court deems just and proper.

Dated: New York, New York
   August 9, 2019

             **SILLS CUMMIS & GROSS P.C.**

            By:  */s/ Joshua Howley*
              Joshua Howley, Esq.
              Lori K. Sapir, Esq.
           101 Park Avenue, 28th Floor
           New York, New York 10178
           (212) 643-7000